UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MOSES BOB PESSIMA,<br><br>Plaintiff,<br><br>vs.<br><br>THE EXECUTIVE DIRECTOR, JOHN MORRELL & CO. (SMITHFIELD FOODS INC.), IN HIS/HER OFFICIAL CAPACITY;<br><br>Defendant. | 4:19-CV-04203-RAL<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES AND 1915A SCREENING FOR DISMISSAL |

Plaintiff Moses Bob Pessima filed a pro se class action lawsuit under 42 U.S.C. § 1983 and a Bivens action under 28 U.S.C. § 1331. Doc. 1 at 3 and 7. Pessima moves to proceed in district court without prepayment of fees and has filed a financial affidavit. Doc. 3. This Court now screens Pessima's Complaint and affidavit, Docs. 1 and 2, under 28 U.S.C. § 1915A.

I.  **Motion to Proceed without Prepayment of Fees**

Pessima filed a motion to proceed without prepayment of fees and completed a financial affidavit. Doc. 3. A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court.

Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). Pessima's application shows insufficient funds to pay the filing fee and his motion to proceed without prepayment of fees, Doc. 3, is granted.

## II. Allegations of Pessima's Complaint

Pessima files this lawsuit under § 1983 and Bivens. Doc. 1 at 3. Pessima claims that he was employed by the defendant in 2004. Doc. 2 at 1. He alleges to have filed a lawsuit in state court against the defendant that was dismissed on summary judgment. See id.; Doc. 1 at 4-5. Pessima is no longer employed by the defendant but believes they continue to treat their employees unfairly. Doc. 2 at 1. Pessima claims that the defendant discriminates against their employees and dismisses them from their workplace. Doc. 1 at 3. Pessima "believes that the Defendants or agents working on their behalf have caused harm on employees by harming [] them thereby causing employees to suffer bodily damage and even death." Id. at 4. In his request for relief, Pessima asks that the defendant "answer this class action suit" and for discovery to commence in this lawsuit. Doc. 1 at 5. Pessima seeks to bring this lawsuit as a class action. Doc. 1 at 7.

## III. Discussion

### A. Screening and Dismissal Standards

A court when screening under § 1915A must assume as true all facts well pleaded in the complaint. Estate of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir.

2

2013). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). If a complaint does not contain these bare essentials, dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985). Twombly requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Twombly, 550 U.S. at 555; see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

B.  **Analysis**

Pessima seeks to bring a class action lawsuit against the defendant. Doc. 1 at 5, 7. "Pro se litigants may not represent the interests of other parties." *Litschewski v. Dooley*, 2012 WL 3023249 at *n. 1 (D.S.D. July 24, 2012); *see e.g.*, *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.") Pessima may not bring a class action suit as a pro se litigant.

Pessima's complaint is brought under 42 U.S.C. § 1983, which prohibits deprivation of civil rights "under color of" state law. "If a party's conduct meets the requirement for state action,

[under a Fourteenth Amendment analysis] the same acts also qualify as actions taken 'under color of state law' for purposes of § 1983." Wickersham v. City of Columbia, 481 F.3d 591, 597 (8th Cir. 2007) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 935 (1982)). The defendant here obviously is not a state or municipal entity or official that typically may be sued under § 1983, but a private corporation that Pessima seeks to sue through its executive director.

The United States Supreme Court has "recognized a number of circumstances in which a private party may be characterized as a state actor[.]" Wickersham, 481 F.3d at 597 (citing Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n, 531 U.S. 288, 291 (2001); Jackson v. Metro. Edison Co., 419 U.S. 345, 352 (1974); Adickes v. S.H. Kress & Co., 398 U.S. 144, 151 (1970)) (A private party can become a state actor when the state has delegated power that is traditionally exclusive to the state, where there is willful participation of joint unconstitutional activity, and where there is a pervasive entwinement between the state and the party); see Lugar, 457 U.S. at 937 (alleging deprivation must be fairly attributable to state). Pessima does not assert facts that allege that the defendant has become a state actor to support a claim under § 1983. Further, Pessima's assertion that the defendant defamed him does not assert a deprivation of his civil rights. Accordingly, Pessima's § 1983 claims are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1) for failure to state a claim upon which relief can be granted.

For the same reasons, Pessima's Bivens claim must be dismissed. A Bivens action is against a federal official, not a state actor. Duffy v. Wolle, 123 F.3d 1026, 1037 (8th Cir. 1997) ("'[A]n action under Bivens is almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter is against state officials.'") (quoting Sanchez v. United States, 49 F.3d 1329, 1330 (8th Cir. 1995)). Pessima does not assert that the

defendant is federal actor and has not alleged facts to show his civil rights have been violated. Thus, his <u>Bivens</u> claim is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

**III.     Order**

Accordingly, it is

ORDERED that Pessima's motion to proceed without prepayment of fees, Doc. 3, is granted and his filing fee is waived. It is further

ORDERED that Pessima's complaint is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1), for failure to state a claim upon which relief can be granted. It is finally

ORDERED that judgment will be entered in favor of defendant and against Pessima, dismissing the case.

DATED April 9, 2020.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE